1  Marvin E. Richards, Jr. (California Bar No. 199834)
   ROETZEL & ANDRESS, LPA
2  222 S. Main Street
   Akron, OH 44308
3  Telephone: (330) 376-2700
4  Facsimile:  (330) 376-4577
   E-mail:  mrichards@ralaw.com
5

6  John S. Gilmore (California Bar No. 32491)
   RANDOLPH CREGGER AND CHALFANT, LLP
7  1030 G Street
   Sacramento, CA  95814
8  Telephone:  (916) 443-4443
   Facsimile:   (916) 443-2124
9  E-mail:  jgilmore@randolphlaw.net

10 Attorneys for Defendants Carbone Properties Manager, LLC,
   R.P. Carbone Company, and Ross Carbone
11

12
                    **IN THE UNITED STATES DISTRICT COURT**
13
                    **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
14
                              **SAN FRANCISCO DIVISION**
15

16 | | |
   |---|---|
17 | CHEVRON TCI, INC., | CASE NO. 3: 08-CV-00782 JCS |
   | Plaintiff, | MAGISTRATE JUDGE |
18 | | JOSEPH C. SPERO |
19 | vs. | |
20 | CARBONE PROPERTIES MANAGER, LLC, ET AL., | **DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT AND PROMISSORY NOTE** |
21 | Defendant. | |
22

23     Defendant Carbone Properties Manager, LLC ("CPM"), Defendant Ross P. Carbone

24 ("Ross Carbone"), and Defendant R. P. Carbone Company ("RPC") (collectively, "Defendants"),

25 by and through counsel, hereby state as their Joint Answer to the Complaint for Breach of

26 Contract and Promissory Note ("Complaint") of Plaintiff Chevron TCI, Inc. ("Plaintiff") as

27 follows:
28

1. Defendants admit to the allegation set forth in paragraph 1 of the Complaint.

2. Defendants admit to the allegation set forth in paragraph 2 of the Complaint.

3. Defendants admit to the allegation set forth in paragraph 3 of the Complaint.

4. Defendants admit to the allegation set forth in paragraph 4 of the Complaint.

5. Defendants admit to the allegation set forth in paragraph 5 of the Complaint.

6. Defendants admit to the allegation set forth in paragraph 6 of the Complaint.

7. Defendants admit to the allegation set forth in paragraph 7 of the Complaint.

8. Defendants admit to the allegation set forth in paragraph 8 of the Complaint.

9. Defendants admit to the allegation set forth in paragraph 9 of the Complaint.

10. Defendants admit to the allegation set forth in paragraph 10 of the Complaint.

11. Defendants admit to the allegation set forth in paragraph 11 of the Complaint.

12. Defendants are without sufficient information to form a belief as to the truth of the allegation set forth in paragraph 12 of the Complaint and therefore deny the same.

13. Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint and therefore deny the same.

14. Defendants are without sufficient information as to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore deny the same.

15. Defendants are without sufficient information as to form a belief as to the truth of the allegation contained in paragraph 15 of the Complaint and therefore deny the same.

16. Defendants are without sufficient information to form a belief as to the truth of the allegation set forth in paragraph 16 of the Complaint and therefore deny the same.

17. Defendants admit to the allegation set forth in paragraph 17 of the Complaint.

18. Defendants are without sufficient information to form a belief as to the truth of the allegation set forth in paragraph 18 of the Complaint and therefore deny the same.

19. Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint and therefore deny the same.

20. Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint and therefore deny the same.

21. Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint and therefore deny the same

22. As to paragraph 22 of the Complaint, Defendants state that the document referred to therein speaks for itself.

23. Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint and therefore deny the same.

24. Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint and therefore deny the same.

25. Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint and therefore deny the same.

26. Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint and therefore deny the same.

27. As to paragraph 27 of the Complaint, Defendants admit that CPM paid to Chevron the sum of $200,000 on or about July 2, 2007 but are without sufficient information to form a belief as to the truth of the remaining allegations set forth therein and therefore deny the same.

28. Paragraph 28 of the Complaint requires neither an admission nor a denial.

29. Defendants are without sufficient information to form a belief as to the truth of the allegation set forth in paragraph 29 and therefore deny the same.

30. Defendants deny the allegation set forth in paragraph 30 of the Complaint.

31. As to paragraph 31 of the Complaint, Defendants state that the document referred to

therein speaks for itself.

32. As to paragraph 32 of the Complaint, Defendants state that the document referred to therein speaks for itself.

33. Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 33 and therefore deny the same.

34. Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint requires neither an admission nor a denial.

36. Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 36 and therefore deny the same.

37. Defendants deny the allegation set forth in paragraph 37 of the Complaint.

38. As to paragraph 38 of the Complaint, Defendants state that the document referred to therein speaks for itself.

39. Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint requires neither an admission nor a denial.

41. Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint and therefore deny the same.

42. Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint and therefore deny the same.

43. Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44. Defendants deny the allegation set forth in paragraph 44 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted against any of the Defendants and the Complaint must therefore be dismissed.

2. Plaintiff has failed to join necessary and/or indispensable parties and is therefore

not entitled to the relief requested.

3. Plaintiff has failed to mitigate damages and is therefore not entitled to the relief requested.

4. Plaintiff's claims are barred by the applicable statute of limitations, waiver, estoppel and/or insufficiency of service of process and must therefore be dismissed.

5. Plaintiff's claims are barred by the doctrines of laches and/or unclean hands.

6. Plaintiff's claims are barred because the Defendants, singularly and collectively, complied with all statutes, regulations, and requirements applicable in this case.

7. Plaintiff's claims are barred by Plaintiff's own acts, omissions, and express or implied ratification.

8. Plaintiff's alleged damages result from the Plaintiff's own action(s) or omissions, and/or from intervening and/or superseding causes that are neither the responsibility of the Defendants, singularly or collectively, nor subject to their control.

9. Plaintiff has failed to adequately establish a basis for any of the alleged damages and is therefore not entitled to relief upon any of their claims.

10. The Defendants, singularly and collectively, expressly reserve the right to assert additional affirmative defenses that may become available through discovery

WHEREFORE, having fully answered the Complaint of Plaintiff Chevron TCI, Inc., Defendants Carbone Properties Manager, LLC, Ross P. Carbone, and R. P. Carbone Company respectfully request that this Court dismiss the Plaintiff's Complaint with prejudice and allow the Defendants to recover its reasonable attorneys' fees expended herein.

1
2

3

4   Dated:  March 10, 2008                    Respectfully submitted,

5

6                                              /s/  Marvin E. Richards, Jr.
                                               Marvin E. Richards, Jr. (CA Bar No. 199834)
7                                              ROETZEL & ANDRESS, LPA
                                               222 South Main Street
8                                              Akron, OH 44308
                                               Telephone: 330.376.2700
9                                              Facsimile: 330.376.4577
                                               E-mail:  mrichards@ralaw.com
10

11                                             John S. Gilmore (CA Bar No. 32491)
                                               RANDOLPH CREGGER AND CHALFANT, LLP
12                                             1030 G Street
13                                             Sacramento, CA  95814
                                               Telephone:  (916) 443-4443
14                                             Facsimile:   (916) 443-2124
                                               E-mail:  jgilmore@randolphlaw.net
15

16                                             ATTORNEYS FOR DEFENDANTS CARBONE
                                               PROPERTIES MANAGER, LLC, ROSS P.
17                                             CARBONE, AND R. P. CARBONE COMPANY

18                          **CERTIFICATE OF SERVICE**

19
          The undersigned hereby certifies that a true and accurate copy of the foregoing has
20
   been served upon the following parties via the Court's electronic filing system and regular
21
   U.S. Mail, postage prepaid this 10th day of March, 2008:
22

23   Matthew P. Vafidis, Esq.                  Elizabeth R. Burkhard, Esq.
24   Holland & Knight, LLP                     Holland & Knight, LLP
     50 California Street, 28th Floor     10 St. James Avenue, 11th Floor
25   San Francisco, CA 94111                   Boston, MA  02116

26   Andrew T. Caulfield, Esq.                 Joshua C. Krumholz, Esq.
27   Holland & Knight, LLP                     Holland & Knight, LLP
     50 California Street, 28th Floor          10 St. James Avenue, 11th Floor
28   San Francisco, CA  94111                  Boston, MA  02116


                                               /s/ Marvin E. Richards, Jr.
                                               Marvin E. Richards, Jr.