[Identification of All Parties and
All Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHEVRON TCI, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> CARBONE PROPERTIES MANAGER, LLC, ET AL., <br><br> Defendants. | Civil Action No. 3:08-CV-00782 <br><br> **COMBINED JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(f) REPORT** <br><br> Case Management Conference Date: <br> May 9, 2008 <br> Time: 1:30 p.m. <br> Before: Hon. Joseph C. Spero |

This Case Management Statement is submitted jointly by Plaintiffs CHEVRON TCI, INC. ("CHEVRON") and Defendants CARBONE PROPERTIES MANAGER, LLC ("CPM"), ROSS P. CARBONE ("ROSS CARBONE"), and R. P. CARBONE COMPANY ("RPCC") (collectively, "CARBONE") pursuant to the Court's Standing Order regarding the "Contents of Joint Case Management Statements."

On Friday April 18, 2008, counsel for all parties met and conferred by telephone to discuss various issues relating to the case, in preparation for this Joint Statement.

**I. Jurisdiction and Service**

All parties to the action have been served and appeared. This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C., section 1332 since the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. This Court has personal jurisdiction over each defendant in this action, at least because each party has consented to said jurisdiction pursuant to a Promissory Note between the parties dated April 2007 (the "Promissory Note"). Venue is proper in this district because CHEVRON has its principal place of business in this district. Further, the Promissory Note provides for venue in San Francisco, California.

CHEVRON and CARBONE do not currently intend to add any new parties to the action.

## II. Facts

CHEVRON states:

On or about December 30, 2004, CHEVRON and CPM entered into the Operating Agreement of Carbone Properties Operating Company, LLC (the "Company") dated December 30, 2004 (the "Operating Agreement"). The Company was formed to lease an historic building known as the Audubon Building in New Orleans, Louisiana and to operate the building as a hotel after rehabilitation by the building owner, Carbone Properties of Audubon, LLC ("CPA"). CPA is and was under the common control of ROSS CARBONE and the defendants.

A key aspect of the investment to CHEVRON was the availability of historic rehabilitation tax credits that would be earned through the rehabilitation and preservation of the building. The credits would be earned by CPA, would pass through to the Company, and ultimately would pass through to CHEVRON pursuant to certain agreed upon terms. Accordingly, based upon the availability of tax credits and other inducements, Chevron invested $1,961,349 as Capital Contributions into the Company.

Pursuant to Section 7.4(N) of the Operating Agreement, CHEVRON had the right to have its interest in the Company repurchased by CPM if the project was not completed by November 30, 2006. The project was not completed by that date. On January 5, 2007, CHEVRON notified ROSS CARBONE and CPM in writing, pursuant to Section 7.4(N) of the Operating Agreement, of CHEVRON's election of its right to have its interest in the Company repurchased by CPM, with an effective repurchase date of February 5, 2007 and a repurchase amount of $2,311,470.

CPM did not make payment to CHEVRON by February 5, 2007. On February 14, 2007 and then again on April 4, 2007, CHEVRON notified the defendants that they had failed to comply with

their repurchase obligations. CHEVRON and CPM then negotiated terms for CPM's repurchase of CHEVRON's interest in the Company.

On April 30, 2007, CHEVRON, CPM and the Company entered into the Agreement and Instrument of Transfer (the "Agreement"). Pursuant to the Agreement, CPM agreed to pay CHEVRON $2,367,710 plus compound interest at twelve percent until June 26, 2007 and, if not paid by that date, fifteen percent thereafter (the "Obligation"). The Obligation also was evidenced by a Promissory Note, with CPM as the payor and CHEVRON as the payee.

RPC and ROSS CARBONE guaranteed CPM's obligations under the Agreement and the Promissory Note, including the Obligation. In exchange for those promises to pay, CHEVRON transferred its rights and interest in the Company to CPM.

CHEVRON has performed all obligations to be performed under the Promissory Note. Pursuant to the Agreement and the Promissory Note, the Obligation came due and owing on June 26, 2007. No payment was made at that time. On July 2, 2007, CPM paid CHEVRON $200,000 toward satisfaction of the Obligation, leaving the majority of the amount owed unsatisfied.

Pursuant to the Promissory Note, "[i]f any payment hereunder shall become overdue … for a period in excess of five (5) days, [CHEVRON] may at its option charge [CPM] a 'late charge' in the amount of five percent (5%) of such overdue payment, for the purpose of defraying the expense incident to handling such delinquent payment." Payment on the Promissory Note has been overdue in excess of five days. The Promissory Note further provides for the payment of attorneys' fees and other costs incurred by CHEVRON in collecting on the note, or in otherwise protecting its interests in regard thereto.

CARBONE states:

On December 30, 2004, CPM and CHEVRON entered into the Operating Agreement pursuant to the Company's lease of the Audubon Building in New Orleans, Louisiana, which the Company was to operate as a full-service hotel upon the completion of certain renovations. Also on December 30, 2004, Carbone Properties of Audubon, LLC ("CPOA"), which owns the Audubon Building, had entered into certain agreements with Marshall Investments Corporation ("Marshall"), one of which was a loan agreement ("Loan Agreement"). Pursuant to the Loan Agreement, Marshall agreed to finance a significant portion, if not all, of the renovations necessary to complete the Audubon Building project in exchange for a note from CPOA and guarantees from, among others, RPCC and Ross Carbone. On December 13, 2005, an action captioned *Marshall*

*Investments Corp. v. R.P. Carbone Company, et. al*, was filed in the United States District Court, Eastern District of Louisiana, Case No. 05-6486, wherein RPCC and Ross Carbone, among others, have asserted that, beginning in July, 2005, Marshall breached the Loan Agreement by improperly refusing to provide legitimate draw requests pursuant thereto and by further refusing to provide any of the agreed-upon financing following Hurricane Katrina in August, 2005. This matter remains pending.

As a result of Marshall's breach of the Loan Agreement, the Audubon Building project could not be completed by November 30, 2006, which triggered CHEVRON to invoke its alleged right to demand CPM to repurchase CHEVRON's interest in the Company pursuant to the Operating Agreement.

### III. Legal Issues

CHEVRON states:

1. Whether CPM breached the Agreement and failed to pay under the Promissory Note by, among other things, failing to pay CHEVRON the principal and interest due under the Agreement and the Promissory Note, either upon maturity or at any time thereafter.

2. Whether CHEVRON has been damaged in the amount of the principal, interest and charges owed under the Agreement and the Promissory Note as a direct and proximate result of CPM's breach of its obligations under the Agreement and the Promissory Note.

3. Whether CHEVRON is entitled to the costs for enforcement of the Agreement and the Promissory Note, attorneys' fees, and incidental and consequential damages in an amount to be proven at trial.

4. Whether, as guarantors under the Agreement, ROSS CARBONE and RPC are in breach of their guarantees for failure to pay the full amount owed under the Agreement and the Promissory Note following CPM's failure to pay CHEVRON upon maturity or at any time thereafter.

### IV. Motions

CHEVRON states:

CHEVRON anticipates filing a Motion for Summary Judgment should this case move forward.

CARBONE states:

CARBONE reserves the right to file a Motion for Summary Judgment should this case move forward.

### V. **Amendment of the Pleadings**

CHEVRON states:

CHEVRON does not anticipate filing any amendments to the pleadings at this time.

CARBONE states:

CARBONE does not anticipate filing any amendments to the pleadings at this time.

### VI. **Evidence Preservation**

CHEVRON states:

CHEVRON has taken measures to ensure preservation of documents related to this action. A preservation order has been sent out by CHEVRON's in-house counsel suspending document retention/document destruction policies applicable to materials reasonably related to the subject matter of this lawsuit.

CARBONE states:

CARBONE has taken measures to ensure preservation of documents related to this action. A preservation order has been sent out by CARBONE'S counsel suspending document retention/document destruction policies applicable to materials reasonably related to the subject matter of this lawsuit.

### VII. **Automatic Disclosures**

The parties have agreed to an initial disclosure date of May 30, 2008, pursuant to Fed. R. Civ. P. 26(f).

### VIII. **Discovery**

No discovery has been taken to date. The parties contemplate conducting discovery in accordance with the Federal Rules of Civil Procedure without modification. Please see the proposed schedule under paragraph XVII below for the parties proposed schedule and discovery plan.

### IX. Class Action

This case is not a class action.

### X. Related Cases

The parties are not aware of any related cases pending in any venue or jurisdiction.

### XI. Relief

<u>CHEVRON states:</u>

Pursuant to the Agreement, CPM agreed to pay CHEVRON $2,367,710 plus compound interest at twelve percent until June 26, 2007 and, if not paid by that date, fifteen percent thereafter (the "Obligation"). On July 2, 2007, CPM paid CHEVRON $200,000 toward satisfaction of the Obligation, leaving the majority of the amount owed unsatisfied. CHEVRON seeks a recovery of the unsatisfied amount owed from CPM plus payment of attorneys' fees and other costs incurred by CHEVRON in collection on the note, or in otherwise protecting its interests in regard thereto.

<u>CARBONE states:</u>

CARBONE has asserted no affirmative claims for relief in this case.

### XII. Settlement and ADR

The parties are currently engaged in settlement discussions. The parties would agree to mediation after discovery, should settlement talks fail.

### XIII. Consent to Magistrate Judge for All Purposes

<u>CHEVRON states:</u>

CHEVRON has submitted its consent to proceed before a magistrate judge.

<u>CARBONE states:</u>

CARBONE has submitted its consent to proceed before a magistrate judge.

### XIV. Other References

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV. Narrowing of Issues

CHEVRON states:

CHEVRON believes that this is an appropriate case for summary judgment and will likely so move.

CARBONE states:

CARBONE believes that the issues involved in this case have been fully set forth herein.

### XVI. Expedited Schedule

CHEVRON states:

CHEVRON does not believe that this case should be handled on an expedited basis.

CARBONE states:

CARBON does not believe that this case should be handled on an expedited basis.

### XVII. Scheduling

The parties propose the following case schedule:

| | | |
|---|---|---|
| 1. | Initial Disclosures | May 30, 2008 |
| 2. | Fact Discovery Completed | November 14, 2008 |
| 3. | Experts Reports – Burden | December 5, 2008 |
| 4. | Experts Reports – Responsive | December 15, 2008 |
| 5. | Expert Discovery Completed | January 9, 2009 |
| 6. | Rule 56 and Other Dispositive Motions Filed | February 13, 2009 |
| 7. | Hearing of Dispositive Motions | March 13, 2009 |
| 8. | Final Pretrial Conference | April 29, 2009 |
| 9. | Trial | May 28, 2009 |

### XVIII. Trial

The parties agree that the case will be tried to the court. The expected length of the trial is two days.

### XIX. Disclosure of Non-party Interested Entities or Persons

CHEVRON states:

CHEVRON has filed a Certification of Interested Entities or Persons, as required by Civil Local Rule 3-16, and a Corporate Disclosure Statement pursuant to Federal Rule of Civil Procedure 7.1. As previously stated, Chevron TCI, Inc. is a California corporation that is 100% owned by Chevron Global Energy Inc. Chevron Global Energy Inc., a Delaware corporation, is not a publicly held corporation. CHEVRON certifies that no other interested persons, associations of person, firms, partnerships, corporations (including parent corporations) or other entities are known other than the named parties to the action.

CARBONE states:

CARBONE has filed a Certification of Interested Entities of Persons, as required by Civil Local Rule 3-16, and a Corporate Disclosure Statement pursuant to Federal Rule of Civil Procedure 7.1. Carbone Properties Manager, LLC is a Louisiana limited liability company that has no parent corporation. R. P. Carbone Company is an Ohio corporation has no parent corporation. There are no publicly held corporations that own 10% or more of the stock of either Carbone Properties Manager, LLC or R. P. Carbone Company. CARBONE certifies that no other interested persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities are known other than the named parties to the action.

Dated: May 2, 2008

Respectfully submitted,

MATTHEW VAFIDIS [SB# 103578]
ANDREW T. CAULFIELD [SB# 238300]
JOSHUA KRUMHOLZ (*pro hac vice*)
ELIZABETH BURKHARD (*pro hac vice*)
**HOLLAND & KNIGHT LLP**
50 California Street, 28th Floor
San Francisco, California 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
**Attorneys for Plaintiffs**

Dated: May 2, 2008

*[signature]*

MARVIN RICHARDS [SB# 199834]
**ROETZEL & ANDRESS, LPA**
222 S. Main Street
Akron, OH 44308
Telephone: (330) 376-2700
Facsimile: (330) 376-4577

JOHN S. GILMORE (SB# 32491)
**RANDOLPH CREGGER AND CHALFANT, LLP**
1030 G Street
Sacramento, CA 95814
Telephone: (916) 443-4443
Facsimile: (916) 443-2124

**Attorneys for Defendants**

# 5288924_v2

1522417 v_01 \ 014051.0054